# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEROLD RYLANDS, A/K/A GEROLD RYAND,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68267

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of sexual assault of a minor under 14 years of age. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Appellant raises four contentions on appeal. Because they lack merit, we affirm.

First, appellant contends that insufficient evidence supports the verdict. This court reviews the evidence in the light most favorable to the State to determine whether sufficient evidence was presented to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, the jury was presented with testimony that appellant committed two acts of sexual assault of a minor under 14 years of age. *See* NRS 200.366(1). Although appellant asserts that we should discard this testimony because it was unbelievable, it is for the jury to determine the weight and credibility to give testimony and its verdict will not be disturbed on appeal where, as here, the verdict is supported by substantial evidence. *See Bolden v. State*,

17-05266

97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, appellant contends that Detective Paul Freeman and Faiza Ebrahim inappropriately vouched for the victim's credibility. We conclude that no relief is warranted. Regarding Detective Freeman's testimony, the district court sustained appellant's objection to the "genuine" portion of the testimony but overruled his objection to the "matter of fact" portion. This was appropriate because the former statement could be interpreted as vouching whereas the latter could not. Other parts of Freeman's testimony that appellant challenges on appeal but did not object to below does not rise to the level of plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). Regarding Ebrahim, most of her testimony properly focused on whether the victim's behavior and statements were consistent with being sexually abused. *See* NRS 50.345; *Perez v. State*, 129 Nev., Adv. Op. 90, 313 P.3d 862, 870 (2013) ("[A]n expert may not comment on whether that expert believes that the victim is telling the truth about the allegations of abuse," but may testify about "whether a victim's behavior is consistent with sexual abuse"). Appellant objected to the arguably inappropriate portion of Ebrahim's testimony and the district court sustained his objection. Appellant fails to demonstrate that the district court abused its discretion by declining to provide him with further relief.

Third, appellant contends that the State improperly presented Freeman as an expert without proper notification to the defense. Appellant did not object on this basis below and fails to demonstrate plain error affecting his substantial rights on appeal. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

Fourth, appellant contends that cumulative error warrants relief. Having considered the relevant factors, *see id.* at 1195, 196 P.3d at 481, we conclude that no relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Richard Scotti, District Judge
       Eric G. Jorgenson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk